IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KENNARD TERRY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | C.A. No. 19-1786 (MN) |
| ) | |
| TRUMAN MEARS, Warden, and ) | |
| ATTORNEY GENERAL OF THE STATE ) | |
| OF DELAWARE, ) | |
| ) | |
| Respondents.[1] ) | |

# **MEMORANDUM OPINION**

Kennard Terry – *Pro se* Petitioner.

Sean P. Lugg, Deputy Attorney General, Delaware Department of Justice, Wilmington, DE – Attorney for Respondents.

August 19, 2022
Wilmington, Delaware

---

[1]  Warden Truman Mears replaced former Warden Kolawole Akinbayo, an original party to the case. *See* Fed. R. Civ. P. 25(d).

**NOREIKA, U.S. DISTRICT JUDGE**

Pending before the Court is a Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Petition") filed by Petitioner Kennard Terry ("Petitioner"). (D.I. 1). The State filed an Answer in opposition, to which Petitioner filed a Reply. (D.I. 19; D.I. 22). For the reasons discussed, the Court will deny the Petition as barred by the one-year limitations period prescribed in 28 U.S.C. § 2244.

### I.    BACKGROUND

At trial, Arthur Freeman, an acquaintance of [Petitioner], testified that while he was at a neighbor's place on July 18, 2015, [Petitioner] called to tell him he should stop hanging out with a certain woman. [Petitioner] also said he was kicking the door of Freeman's apartment. After Freeman went to his apartment, [Petitioner] hit him.

Freeman returned to his neighbor's place to discuss what happened with [Petitioner]. Freeman left his neighbor's place again and ran into [Petitioner] outside the door. Freeman and [Petitioner] began tussling. According to Freeman, [Petitioner] stabbed him in the back of his neck with a box cutter knife. Freeman was taken to the hospital. An emergency room nurse testified Freeman came to the hospital with four stab wounds to his neck and shoulder. Emergency room records indicated Freeman was intoxicated when he arrived at the hospital and suffered from Post–Traumatic Stress Disorder ("PTSD").

Detective Brian Shahan testified that he obtained an arrest warrant for [Petitioner]. As Detective Shahan approached [Petitioner's] residence in an unmarked car, he saw [Petitioner's] car, a green Jeep. Detective Shahan saw the Jeep drive away at a high rate of speed. Detective Shahan did not see who was driving the Jeep, but believed that [Petitioner] saw his unmarked car and fled in the Jeep. [Petitioner] was subsequently arrested. The police did not find a box cutter knife or a similar instrument in their search of [Petitioner's] residence and Jeep. Freeman testified that [Petitioner] came to his apartment after the incident and said he should have killed Freeman.

The testimony and reports of Officer Daniel McCardle and Detective Shahan reflected that Freeman gave differing accounts of the dispute with [Petitioner] to police. Freeman told Officer McCardle that a debt triggered the dispute. Freeman told Detective

>Shahan that his refusal to drink and party with [Petitioner] led to the dispute.
>
>The parties stipulated that [Petitioner] was a person prohibited.

*Terry v. State*, 170 A.3d 147 (Table), 2017 WL 3367333, at *1-2 (Del. Aug. 4, 2017).

On July 27 2016, a Delaware Superior Court jury found Petitioner guilty of second degree assault, possession of a deadly weapon during the commission of a felony, and possession of a deadly weapon by a person prohibited. *See State v. Terry*, 2017 WL 2983919, at *1 (Del. Super. Ct. July 12, 2017). The Superior Court sentenced Petitioner on October 14, 2016 as an habitual offender to "ten years of non-suspended Level V time with credit for 242 days previously served." *Terry*, 2017 WL 3367333, at *1. The Delaware Supreme Court affirmed Petitioner's convictions on August 4, 2017. *See id*. at *3.

On April 18, 2017, while his direct appeal was still pending, Petitioner filed a *pro se* motion for postconviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). (D.I. 15-2). The Superior Court denied the Rule 61 motion on July 12, 2017, and Petitioner did not appeal that decision. *See* D.I. 14 at 2; *Terry*, 2017 WL 2983919, at *1.

On September 17, 2019, Petitioner filed in this Court a federal habeas Petition asserting four grounds for relief. The first three grounds allege that the State engaged in prosecutorial misconduct and violated his rights under the Sixth and Fourteenth Amendments by asking leading questions of victim/witness Freeman during direct examination and by vouching for the State's case. (D.I. 1 at 1-8). Claim Four asserts that the Superior Court judge committed official misconduct and abused his discretion by "allowing the State to lead [Freeman the] witness [during] direct examination[, and also because] there was vouching for the State['s] case." (D.I. 1 at 10).

2

## II.     ONE YEAR STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). AEDPA's limitations period is subject to statutory and equitable tolling, which, when applicable, may extend the filing period. *See Holland v. Florida*, 560 U.S. 631, 645 (2010) (equitable tolling); 28 U.S.C. § 2244(d)(2) (statutory tolling). A petitioner may also be excused from failing to comply with the limitations period by making a gateway showing of actual innocence. *See Wallace v. Mahanoy*, 2 F. 4th 133, 151 (3d Cir. 2021) (actual innocence exception).

Petitioner does not assert any facts triggering the application of § 2244(d)(1)(B), (C), or (D). Consequently, the Court concludes that the one-year period of limitations began to run when Petitioner's convictions became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner appeals a state court judgment but does not seek certiorari review, the judgment of conviction becomes final, and the statute of limitations begins to run, upon expiration of the ninety-day time period allowed for seeking certiorari review.

*See Kapral v. United States*, 166 F.3d 565, 575, 578 (3d Cir. 1999); *Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999). In this case, the Delaware Supreme Court affirmed Petitioner's convictions and sentences on August 4, 2017, and he did not file a petition for a writ of certiorari in the United States Supreme Court. As a result, Petitioner's convictions became final on November 2, 2017. Applying the one-year limitations period to that date, Petitioner had until November 2, 2018 to timely file a habeas petition. *See Wilson v. Beard*, 426 F.3d 653, 662-64 (3d Cir. 2005) (Fed. R. Civ. P. 6(a) applies to AEDPA's limitations period); *Phlipot v. Johnson*, 2015 WL 1906127, at *3 n.3 (D. Del. Apr. 27, 2015) (AEDPA's one-year limitations period is calculated according to the anniversary method, *i.e.*, the limitations period expires on the anniversary of the date it began to run). Petitioner, however, did not file the instant Petition until September 17, 2019,[2] almost two years after that deadline.

Thus, the Petition is time-barred and should be dismissed, unless the limitations period can be statutorily or equitably tolled, or Petitioner demonstrates a convincing claim of actual innocence excusing his untimely filing. The Court will discuss each doctrine in turn.

    A.    **Statutory Tolling**

Pursuant to § 2244(d)(2), a properly filed state post-conviction motion tolls AEDPA's limitations period during the time the motion is pending in the state courts, including any post-conviction appeals, provided that the motion was filed and pending before the expiration of AEDPA's limitations period. *See Swartz v. Meyers*, 204 F.3d 417, 420-24 (3d Cir. 2000). An untimely post-conviction motion is not considered to be properly filed for § 2244(d)(2) purposes. *See Pace v. DiGuglielmo*, 544 U.S. 408, 414, 417 (2005) (explaining that a state postconviction

---

[2]     The Court adopts September 17, 2019 as the filing date because that is the date on the title page of the Petition. (D.I. 1 at 15; *see Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003) (the date on which a prisoner transmitted documents to prison authorities for mailing is to be considered the actual filing date)).

petition rejected by the state court as untimely is not "properly filed" within the meaning of § 2244(d)(2)). The limitations period is also tolled for the time during which an appeal from a post-conviction decision could be filed even if the appeal is not eventually filed. *See Pace*, 544 U.S. at 424. The limitations period, however, is not tolled during the ninety days a petitioner has to file a petition for a writ of certiorari in the United States Supreme Court regarding a judgment denying a state post-conviction motion. *See Stokes v. Dist. Attorney of Philadelphia*, 247 F.3d 539, 542 (3d Cir. 2001).

Petitioner filed his Rule 61 motion on April 18, 2017 and the Superior Court denied it on July 12, 2017 – a little less than one month before the Delaware Supreme Court issued its order on Petitioner's direct appeal. Given these circumstances, Petitioner's Rule 61 motion does not statutorily toll the limitations. Consequently, the Petition is time-barred unless equitable tolling or the actual innocence exception apply.

### B.  Equitable Tolling and Actual Innocence Exception to the Statute of Limitations

AEDPA's one-year limitations period may be tolled for equitable reasons in rare circumstances when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649-50. With respect to the diligence inquiry, equitable tolling is not available where the late filing is due to the petitioner's excusable neglect. *Id.* at 651-52. As for the extraordinary circumstance requirement, "the relevant inquiry is not whether the circumstance alleged to be extraordinary is unique to the petitioner, but how severe an obstacle it creates with respect to meeting AEDPA's one-year deadline." *Pabon v. Mahanoy*, 654 F.3d 385, 401 (3d Cir. 2011). An extraordinary circumstance will only warrant equitable tolling if there is "a causal connection, or nexus, between the extraordinary circumstance [] and the petitioner's failure to file

5

a timely federal petition." *Ross v. Varano*, 712 F.3d 784, 803 (3d Cir. 2013); *see also Wallace v. Mahanoy*, 2 F.4th 133, 144 (3d Cir. 2021) (reiterating that "the relevant inquiry for purposes of assessing extraordinary circumstances is "how severe an obstacle [the circumstance] creates with respect to meeting AEDPA's one-year deadline."). Moreover, "if the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." *Brown v. Shannon*, 322 F.3d 768, 773 (3d Cir. 2003). The burden is on the petitioner to prove that he has been reasonably diligent in pursuing his rights. *See Urcinoli v. Cathel,* 546 F.3d 269, 277 (3d Cir. 2008).

In addition, a credible claim of actual innocence may serve as an "equitable exception" that can overcome the bar of AEDPA's one-year limitations period. *See McQuiggin v. Perkins*, 569 U.S 383, 392 (2013); *Wallace*, 2 F. 4th at 150-151. A petitioner satisfies the actual innocence exception by (1) presenting new, reliable evidence of his innocence; and (2) showing "by a preponderance of the evidence" that "a reasonable juror would have reasonable doubt about his guilt[] in light of the new evidence." *Wallace*, 2 F.4th at 151.

Petitioner does not assert that any extraordinary circumstance prevented him from filing the instant Petition in a timely manner and he does not assert his actual innocence. Thus, the Court concludes that neither the doctrine of equitable tolling nor the actual innocence equitable exception are available to Petitioner on the facts he has presented. Accordingly, the Court will deny the instant Petition as time-barred.[3]

---

3   Having decided to dismiss the instant Petition as time-barred, the Court will not address the State's additional reasons for denying the Petition. (*See* D.I. 14 at 8-10).

    **C.    Pending Motion**

Petitioner filed a Motion to Appoint Counsel (D.I. 23) during the pendency of the case. Given the Court's decision to dismiss the Petition as time-barred, the Court will deny the Motion to Appoint Counsel as moot.

**III.    CERTIFICATE OF APPEALABILITY**

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.*

The Court has concluded that the instant Petition fails to warrant federal habeas relief, and is persuaded that reasonable jurists would not find this conclusion to be debatable. Therefore, the Court will not issue a certificate of appealability.

**IV.    CONCLUSION**

For the reasons stated, the instant Petition for habeas relief pursuant to 28 U.S.C. § 2254 is denied without an evidentiary hearing or the issuance of a certificate of appealability. An appropriate Order shall issue.